A. O. SMITH CORPORATION, a
corporation, Plaintiff,

v.

The VIKING CORPORATION et al., Defendants and Third-Party Plaintiffs,

v.

PROTECTION MUTUAL INSURANCE COMPANY, a corporation, and Factory Mutual Engineering Corporation, a corporation, Third-Party Defendants.

No. 75–C–289.

United States District Court,
E. D. Wisconsin.

June 9, 1978.

David C. Sullivan, Asst. Gen. Counsel, Milwaukee, Wis., for A. O. Smith Corp.; Robins, Davis & Lyons by Lawrence Zelle and Mark J. Feinberg, Minneapolis, Minn., of counsel.

Prosser, Wiedabach & Quale by Douglas H. Starck, George W. Greene and Jack R. Wiedabach, Milwaukee, Wis., for The Viking.

Borgelt, Powell, Peterson & Frauen by Kurt H. Frauen, Milwaukee, Wis., for Protection Mutual.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Several discovery motions and a summary judgment motion are pending in this case. The latter motion will be considered first.

### SUMMARY JUDGMENT MOTION

The third-party defendants have filed a motion for summary judgment dismissing the third-party complaint against them. The motion will be granted as to Protection Mutual Insurance Company and denied as to Factory Mutual Engineering Corporation.

The plaintiff in this action, A. O. Smith Corporation, seeks damages from The Viking Corporation and Viking Fire Protection Company, Inc., for their alleged negligence and breach of warranty in connection with the construction, design and inspection of·a valve installed as part of an automatic sprinkling system in the portion of the plaintiff's plant where a fire occurred.

The third-party complaint seeks indemnification and/or contribution from Protection Mutual Insurance Company and Factory Mutual Engineering Corporation. It is alleged that they contracted to provide loss control consulting services and fire protection system inspections for the plaintiff's buildings prior to the time of the fire and

that Protection Mutual and Factory Mutual were negligent in several respects: (1) failure properly to inspect the fire protection systems; (2) failure properly to supervise and train A. O. Smith's personnel in the inspection and maintenance of the fire protection systems; (3) failure to insist that fire protection systems on the plaintiff's premises be installed or renovated by qualified and licensed sprinkler fitters; (4) failure to exercise reasonable care to determine that the sprinkler system was complete and functional; and (5) failure to exercise reasonable care in the inspection, maintenance and repair of the plaintiff's fire protection systems.

The third-party defendants claim that they are entitled to summary judgment on the basis of § 895.44, Wis.Stats., which provides:

"The furnishing of, or failure to furnish, safety inspection or advisory services intended to reduce the likelihood of injury, death or loss shall not subject the insurer, its agent or employe undertaking to perform such services as an incident to insurance, to liability for damages from injury, death or loss occurring as a result of any act or omission in the course of such services. This section shall not apply if the active negligence of the insurer, its agent or employe created the condition which was the proximate cause of injury, death or loss, nor shall it apply to such services when required to be performed under the provisions of a written service contract."

The third-party defendants have filed affidavits and a copy of the insurance policy in question to establish (1) that they did not contract to provide safety inspection or advisory services to the plaintiff and (2) that no active negligence on the part of either of them created the condition which caused the plaintiff's loss. The third-party defendants claim that if the record substantiates these two propositions, the third-party defendants are both rendered free from liability under the general rule of § 895.44.

 The third-party plaintiffs claim that certain deposition testimony and a portion of the third-party defendants' brief on another of the motions in this case establish that there was an agreement on the third-party defendants' part to provide inspection services to the plaintiff. I have reviewed the portions of the record referred to and find no support in them for the third-party plaintiffs' argument.

 The third-party plaintiffs also assert that Protection Mutual and Factory Mutual "took 'affirmative action' " in the inspection of the plaintiff's premises so as to make § 895.44 apply. I find no merit to this argument. The statute does not protect the insurer if active negligence on the insurer's part created the condition which caused the injury. There is no allegation in the third-party complaint and no contention in the third-party plaintiff's affidavits that the inspections or advice provided by the third-party defendants, whether proper or improper, "created the condition" which caused the fire. Accordingly, I am unable to find that the statute is inapplicable on this basis.

It is also urged that the Wisconsin supreme court has held that § 895.44 does not apply if the insurer undertakes an inspection and performs the inspection in a negligent manner. The third-party plaintiffs rely on *American Mutual Liability Insurance Company v. St. Paul Fire & Marine Insurance Company*, 48 Wis.2d 305, 179 N.W.2d 864 (1970).

The case relied upon by the third-party plaintiffs was decided before the effective date of § 895.44, and thus the statute was not operative at the time of that decision. The court's footnote at 48 Wis.2d at 318, n.2, 179 N.W.2d 864 indicates that § 895.44 was enacted to eliminate a cause of action against an insurer for negligent inspection. The court's additional statement that the statute does not "purport to limit the general application of sec. 324 A, Restatement, [Torts 2d, p. 142]," does not mean that section 324 A of the Restatement would apply to an insurer under the circumstances of a negligent inspection but rather means that the rules of the Restatement would

continue to apply generally to negligent performance of gratuitous acts. Any other reading of the court's comment would emasculate § 895.44.

■ Finally, the third-party plaintiff asserts that summary judgment cannot be granted in favor of Factory Mutual because it is not an insurer but rather merely provides inspection services for various insurers. Factory Mutual has not responded to the assertion that it is not an insurer. Accordingly, the argument that the statute does not apply to Factory Mutual may have merit, thereby precluding summary judgment in its favor. Therefore, summary judgment will be granted only to Protection Mutual.

## DISCOVERY MOTIONS

The June 15, 1978, discovery deadline has prompted a number of discovery motions. The defendants filed a motion on May 5, 1978, seeking an order compelling answers to interrogatories propounded to the plaintiff and to the third-party defendants. The motion also seeks an extension of time for discovery equivalent to the delay caused by the failure of the plaintiff to file timely answers to the interrogatories.

The plaintiff filed a motion on May 12, 1978, seeking an order requiring the defendants to provide the plaintiff with full and complete answers to interrogatories and a request for production of documents.

In subsequent communications with the court, the plaintiff and defendants have expressed their agreement that their motions have become moot because each has belatedly received the discovery responses sought by their motions. In addition, the third-party defendants have since filed the responses requested of them by the defendants.

The defendants have indicated, however, that their motion for an order compelling discovery from the third-party defendants remains in issue because of the latter's continued failure to respond. Furthermore, the defendants reaffirm their desire for an order extending the time for discovery because of the tardiness of the responses received from the plaintiff and the third-party defendants and because certain of the plaintiff's responses to the defendant's interrogatories have been incomplete.

■ The purported incompleteness of the plaintiff's answers to the defendants' interrogatories prompted the defendants to file a motion on May 16, 1978, for an order requiring the plaintiff to provide full and complete responses. The plaintiff contends that several of the answers are incomplete only because the plaintiff has appended the phrase "investigation continues" to them. The plaintiff has explained, however, that the use of such phrase was only meant to convey to the defendants that the plaintiff has no further information at this time and that supplementation of responses may be necessary at a future time. I do not believe that an order directing more complete responses would prove worthwhile in view of the plaintiff's explanation; therefore, the defendants' motion will be denied.

■ The defendants also contend that the plaintiff's answer to interrogatory no. 70 of the defendants' interrogatories is incomplete. Interrogatory no. 70 requested that the plaintiff identify its expert witnesses for trial. The plaintiff responded by stating that the plaintiff had not made a final determination as to which expert witnesses will be called.

In response to the defendants' motion with regard to interrogatory no. 70, the plaintiff asserts that the defendants have also refused to identify their expert witnesses. The plaintiff cites an interrogatory served in December, 1975, requesting the identification of experts, to which the defendants have yet to respond.

The failure of both the plaintiff and the defendants to identify their expert witnesses so as to permit their depositions, in view of the June 15, 1978, discovery deadline, is inexcusable. I intend to grant only a brief extension of discovery and will direct that all of the parties identify their expert witnesses on or before June 21, 1978. Any person not identified will be barred from testifying at trial.

Therefore, IT IS ORDERED that the motion of Protection Mutual Insurance Company for summary judgment be and hereby is granted, with costs.

IT IS ALSO ORDERED that the motion of Factory Mutual Engineering Corporation be and hereby is denied, with costs.

IT IS FURTHER ORDERED that the motion of the defendants for an order compelling discovery from the plaintiff and third-party defendants and the motion of the plaintiff for an order compelling discovery from the defendants be and hereby are dismissed as moot, both without costs.

IT IS FURTHER ORDERED that the motion of the defendants for an order extending the discovery deadline be and hereby is granted, without costs. The discovery deadline is ordered extended to July 21, 1978.

IT IS FURTHER ORDERED that all parties identify their expert witnesses no later than June 21, 1978.