COURT OF APPEALS
DECISION
DATED AND FILED

November 4, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP370**

STATE OF WISCONSIN

Cir. Ct. No. 2014ME227

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE MENTAL COMMITMENT OF E.J.W.:

WAUKESHA COUNTY,

PETITIONER-RESPONDENT,

V.

E. J. W.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: PAUL R. BUGENHAGEN, JR., Judge. *Affirmed.*

¶1    NEUBAUER, C.J.[1]  E.J.W.'s involuntary commitment was extended pursuant to an eight-month stipulation he and Waukesha County entered into after the circuit court denied his demand for a jury trial as untimely.  Because we are bound by ***Marathon County v. R.J.O.***, 2020 WI App 20, ¶41, 392 Wis. 2d 157, 943 N.W.2d 898, which holds that failure to file a jury trial demand is waived if not made at least forty-eight hours in advance of the time set for final hearing, we affirm.

¶2    E.J.W. has been under an order for commitment under WIS. STAT. § 51.20 continually since April 2014, with recommitment hearings held annually. On February 7, 2019, the County requested a sixth extension of commitment.  On February 18, 2019, the County electronically filed a notice of commitment hearing and list of witnesses and sent it to the Office of the State Public Defender and to E.J.W., dated February 15, 2019.  In that notice, as well as a notice provided to E.J.W. dated February 7, 2019, E.J.W. was advised that the hearing was scheduled for March 5, 2019, at 1:15 p.m.

¶3    At the March 5, 2019 hearing, the circuit court granted E.J.W.'s request for new counsel, allowing his attorney to withdraw and for appointment of a new attorney.  E.J.W. also orally requested a jury trial at that hearing.  The circuit court adjourned the hearing to March 12, so that E.J.W. could obtain a new attorney.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Our September 10, 2020 order held in abeyance E.J.W.'s motion seeking a three-judge panel for this appeal pursuant to WIS. STAT. § 752.31(3).  After reviewing the briefs and the record, we conclude that a three-judge panel is not necessary.  The motion is denied.

¶4    On March 7, 2019, new counsel was appointed, who filed a jury demand on behalf of E.J.W. on March 8, 2019.  The court denied the jury demand in an order dated March 11, 2019.

¶5    At the March 12 hearing, the circuit court confirmed its denial of E.J.W.'s demand for a jury trial, reasoning that the date set for final hearing was March 5, and no jury demand was filed at least forty-eight hours before that time.  E.J.W. and the County then stipulated to an eight-month extension with a medication order.  E.J.W. appeals.

¶6    E.J.W. argues that the circuit court erred by determining that his jury demand was untimely.  Resolution of this issue requires us to interpret and apply WIS. STAT. § 51.20(11)(a), which presents a question of law we review de novo.  *See* ***R.J.O.***, 392 Wis. 2d 157, ¶38.

¶7    As relevant here, WIS. STAT. § 51.20(11)(a) provides that a jury trial "is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been previously provided to the subject individual or his or her counsel."[2]

¶8    E.J.W. contends that the statute contemplates extensions, such that his demand was timely as it was made at least forty-eight hours before the time the final hearing actually took place—on March 12.  He contends that an extension provided for good cause "resets" the time in which to demand a jury trial.  The State counters that the "time set for final hearing" is strictly construed to reference

---

[2] E.J.W. does not challenge receipt of proper notice or the substance of the stipulated extension order.

3

the "time set" and not when the hearing actually took place as a result of an extension.

¶9    This precise issue was recently addressed in *R.J.O.*  In that case, the "time set" was 11:00 a.m. on August 10, 2016, and no jury trial demand was made before then.  *R.J.O.*, 392 Wis. 2d 157, ¶39.  The recommitment hearing actually took place on June 9, 2017, and R.J.O.'s attorney thus argued that the demands filed August 12, 2016, and June 6, 2017, both forty-eight hours before the June 9, 2017 hearing, were timely.  *Id.*, ¶40.

¶10    We rejected this argument, holding that "WISCONSIN STAT. § 51.20(11)(a) requires a subject individual to request a jury trial at least forty-eight hours before 'the time set for the final hearing,' not at least forty-eight hours before the final hearing actually occurs."  *R.J.O.*, 392 Wis. 2d 157, ¶41.  Because R.J.O.'s jury trial demands were untimely, the circuit court properly concluded that she had waived her right to a jury trial.  *Id.*  We are bound by this interpretation of WIS. STAT. § 51.20(11)(a).  *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) (we may not modify or overrule a prior opinion of this court).

¶11    E.J.W.'s jury trial demand was untimely as he failed to make the demand at least forty-eight hours before March 5, 2019.  E.J.W. contends that *R.J.O.* is factually distinguishable because he changed lawyers, suggesting that the first lawyer's failure to request a jury prompted his request.  However, E.J.W. has not asserted a claim for ineffective assistance of counsel.  E.J.W. further asserts that a good-cause extension should reset the clock, but we see no basis either in the *R.J.O.* decision or the statute for concluding that an extension excuses the failure to timely file a jury demand before the "time set for the final hearing."

Thus, the circuit court properly concluded that E.J.W. waived his right to a jury trial. We affirm the order of the circuit court.[3]

       *By the Court*.—Order affirmed.

       This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] Given our conclusion that E.J.W.'s demand for a jury trial was waived, we need not address the County's contention that this appeal is moot because E.J.W. was subsequently recommitted on November 5, 2019, or that E.J.W. waived his right to appeal by stipulating to the eight-month extension. *See Lake Delavan Prop. Co. v. City of Delavan*, 2014 WI App 35, ¶14, 353 Wis. 2d 173, 844 N.W.2d 632 (when one appellate issue is dispositive, we need not address other issues).