**2021 WI App 31**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:         2019AP1850-CR

†Petition for Review filed

Complete Title of Case:


STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,†

      V.

SCOTT WILLIAM FORRETT,

   DEFENDANT-APPELLANT.


| | |
|---|---|
| Opinion Filed: | May 5, 2021 |
| Submitted on Briefs: | February 25, 2021 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Gundrum and Davis, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kaitlin A. Lamb*, assistant state public defender of Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |

| COURT OF APPEALS DECISION DATED AND FILED | NOTICE |
|---|---|

**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 28, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP1850-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CF603

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

SCOTT WILLIAM FORRETT,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County:  MICHAEL J. APRAHAMIAN and BRAD D. SCHIMEL, Judges.  *Reversed and cause remanded for further proceedings*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

¶1      NEUBAUER, C.J.   Scott William Forrett challenges his judgment of conviction for operating a motor vehicle while intoxicated, seventh offense (OWI),

and an order denying his motion for postconviction relief.[1] He challenges as unconstitutional Wisconsin's statutory scheme permitting the use of his prior refusal to submit to a warrantless blood test after arrest to increase the criminal penalty for a subsequent OWI. We agree and as such, reverse and remand for further proceedings.

## BACKGROUND

¶2 In April 2017, Forrett was arrested for OWI. Forrett was charged with multiple counts, including OWI, 7th offense, contrary to WIS. STAT. § 346.63(1)(a) (2019-20),[2] to which he ultimately pled guilty, with one of the other charges dismissed outright and the others dismissed but read in for purposes of sentencing. The revocation based on his refusal in a prior arrest increased his sentence from that allowable for an OWI 6th offense, a Class G felony, to that allowable for an OWI 7th offense, a Class F felony, with higher maximum and minimum penalties. *See* WIS. STAT. § 939.50(3)(f), (g).[3] The circuit court sentenced Forrett to eleven years of prison (six years of initial confinement and five years of extended supervision).

¶3 After sentencing, Forrett brought a postconviction motion, challenging the use of his prior 1996 revocation for refusal to submit to a warrantless blood draw after being arrested for driving while impaired (Waukesha County Case

---

[1] The judgment of conviction was entered by the Honorable Michael J. Aprahamian. The order denying the motion for postconviction relief was entered by the Honorable Brad D. Schimel.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] When Forrett was charged, if a person had six prior offenses, that person was guilty of a Class G felony and faced a maximum of ten years of prison and a $25,000 fine and a minimum of six months in jail and a fine of $600. *See* WIS. STAT. § 346.65(2)(am)5. (2015-16). A person who had seven prior offenses was guilty of a Class F felony and faced a maximum of twelve and one-half years of prison and a $25,000 fine and a minimum of three years of initial confinement. *See* WIS. STAT. § 346.65(2)(am)6. (2015-16).

No. 96-CF-504) as a prior offense to increase the OWI charge from 6th to 7th offense, contending that the resultant increase in the penalty was unconstitutional under *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), and *State v. Dalton*, 2018 WI 85, 383 Wis. 2d 147, 914 N.W.2d 120. He also alleged that his lawyer was ineffective in failing to challenge the use of his prior refusal to increase the penalty. Forrett requested a new sentencing hearing or commutation of his sentence to the maximum allowed for OWI as a sixth offense, ten years of imprisonment, including five years of initial confinement and five years of extended supervision.

¶4     The circuit court denied Forrett's motion. The court held that, while the State cannot directly punish a person criminally for refusing to provide a blood sample, a prior refusal may increase the criminal penalty for a subsequent OWI. Forrett appeals.

## DISCUSSION

*Standard of Review and Wisconsin's Statutory Scheme of Increasing Penalties*

¶5     Forrett argues on appeal that "counting" his 1996 revocation to increase the criminal penalty applicable to his latest OWI violates his Fourth Amendment constitutional right against an unreasonable search under *Birchfield* and *Dalton*. We agree.

¶6     The constitutionality of a statute is a question of law that we review de novo. *Winnebago County v. C.S.*, 2020 WI 33, ¶13, 391 Wis. 2d 35, 940 N.W.2d 875. A facial challenge to the constitutionality of a statute cannot be waived.

3

*Winnebago County v. Christopher S.*, 2016 WI 1, ¶4 n.6, 366 Wis. 2d 1, 878 N.W.2d 109.[4]

¶7      "Every legislative enactment is presumed constitutional," "and if any doubt exists about a statute's constitutionality, we must resolve that doubt in favor of constitutionality." *State v. Ninham*, 2011 WI 33, ¶44, 333 Wis. 2d 335, 797 N.W.2d 451 (citation omitted).   The presumption of constitutionality can be overcome only if the challenging "party establishes 'that the statute is unconstitutional beyond a reasonable doubt.'" *Wisconsin Med. Soc'y, Inc. v. Morgan*, 2010 WI 94, ¶37, 328 Wis. 2d 469, 787 N.W.2d 22 (citation omitted).

¶8      Under Wisconsin's implied consent law, WIS. STAT. § 343.305(2), an individual who refuses to submit to a warrantless chemical test of his or her breath, blood, or urine, after arrest for driving while impaired, is subject to revocation of his or her license.   That revocation can be "counted" under Wisconsin's escalating penalty scheme for successive OWI violations.   *See* WIS. STAT. § 346.65(2)(am).

¶9      Specifically, "[t]he severity of a defendant's penalty for OWI is based on the number of prior convictions under [WIS. STAT.] §§ 940.09(1) and 940.25 'plus the total number of suspensions, revocations, and other convictions counted under [WIS. STAT.] § 343.307(1).'" *State v. Carter*, 2010 WI 132, ¶3, 330 Wis. 2d 1, 794 N.W.2d 213 (citation omitted).   Under § 343.307(1)(f) and WIS. STAT.

---

[4] The State does not contend that this is an as-applied challenge or that Forrett's facial challenge has been waived.   Neither party addresses specifically which provisions are unconstitutional if we so hold, nor does either party contend that the revocation counting provisions are constitutional under some circumstances but not others.   Because neither party addresses the scope of our ruling, we decline to address provisions other than those at issue.   (For example, the statutory scheme permits counting of convictions and revocations under the law of another jurisdiction arising out of a refusal to submit to chemical testing.   WIS. STAT. § 343.307(1)(d), (e)).   That said, as it pertains to revocations for refusal to consent to warrantless blood draws under Wisconsin law, we see no circumstances in which counting the same would be constitutional.

§ 343.305(10), a revocation for refusal to submit to a blood test qualifies as a prior offense.

***Birchfield*** *and **Dalton** Preclude Use of a Prior Revocation to Increase Criminal Penalties*

¶10 The Fourth Amendment to the United States Constitution and article 1, section 11 of the Wisconsin Constitution guarantee that persons shall be secure from unreasonable searches and seizures. In ***Birchfield***, the Supreme Court analyzed implied consent laws under the Fourth Amendment and specifically, the constitutionality of warrantless searches—blood draws. The Court held that a refusal to submit to a blood test without a warrant can be the basis for a civil penalty—revocation—but it cannot be the basis for a separate criminal charge and penalties. ***Birchfield***, 136 S. Ct. at 2185-86.

¶11 Contrasting the Court's prior opinions approving the general concept of implied consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply, the Court stated:

> It is *another matter*, however, for a State not only to insist upon an intrusive blood test, but also to impose *criminal penalties* on the refusal to submit to such a test. There must be a *limit* to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads.

*Id.* at 2185 (emphasis added). The Court concluded that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.* at 2186. Thus, pursuant to ***Birchfield***, criminalizing refusal to a warrantless blood draw with criminal penalties exceeds the defendant's implied consent, and thus, impermissibly burdens or penalizes a defendant's Fourth Amendment right to be free from an unreasonable warrantless search.

5

¶12    In *State v. Dalton*, our supreme court considered the constitutionality of a circuit court's increased sentence for Dalton's OWI "for the sole reason that he refused to submit to a blood test." *Dalton*, 383 Wis. 2d 147, ¶60.  Holding on appeal that a sentence that is extended solely on this basis is unlawful, the *Dalton* court expressed that the *Birchfield* Court had "emphasized that criminal penalties may not be imposed for a refusal" and "[a] lengthier jail sentence is certainly a criminal penalty." *Dalton*, 383 Wis. 2d 147, ¶¶58, 59, 60.  Thus, the *Dalton* court, like the *Birchfield* Court, held that imposing "criminal penalties" for a refusal is not lawful under the Fourth Amendment.  Again, *Dalton* and *Birchfield* clearly stated that imposing "criminal penalties" on defendants who refuse to submit to a warrantless blood test are outside the "limit" of the Fourth Amendment's prohibition against unreasonable searches.  *Birchfield*, 136 S. Ct. at 2185; *Dalton*, 383 Wis. 2d 147, ¶58.

¶13    As we explained in *State v. Levanduski*, 2020 WI App 53, ¶13 n.5, 393 Wis. 2d 674, 948 N.W.2d 411, in which we affirmed the use of a refusal for evidentiary purposes in a related OWI case, the right at issue is the right to be free from an unreasonable search:

> [U]nder *Birchfield*, Dalton could not suffer a *criminal penalty* due solely to his refusal to submit to a blood draw. *See Birchfield*, 136 S. Ct. at 2185-86; *Dalton*, 383 Wis. 2d 147, ¶¶57-66.  Criminal penalties for refusal under an implied consent law impermissibly burden and penalize that right; civil penalties and evidentiary consequences do not. Thus, criminal penalties are beyond the constitutional "limit" of one's consent under an implied consent statute, but civil penalties and evidentiary consequences are not.  *See Dalton*, 383 Wis. 2d 147, ¶58.

¶14    Based upon the foregoing, inclusion of revocations for refusals to submit to a warrantless blood draw under Wisconsin's penalty scheme, which clearly results in an increased penalty, is a consequence which is outside the limit

permitted by the Fourth Amendment. Put slightly differently, we conclude that it is unconstitutional under ***Birchfield*** when there is an increased criminal penalty based on the refusal of a warrantless blood test. We cannot overlook the fact that the revocation results in an increased penalty—albeit delayed. Here, Forrett's refusal to submit to a warrantless blood draw increased his sentence from an OWI 6th to an OWI 7th offense, with higher maximum and minimum penalties.

¶15     The State, citing to ***Birchfield***, 136 S. Ct. at 2186, asserts that "a state may not permissibly *threaten* a criminal penalty for refusal in order to *obtain* consent for a blood draw because consent under such a threat is involuntary," suggesting that the "threat" used to "obtain" consent has long since passed. However, while ***Birchfield*** establishes the threat cannot take place by imposing criminal penalties for the refusal itself, ***Dalton*** applied the same analysis at a later sentencing for another crime—the related OWI. We see no difference as a constitutional matter, i.e., the right to be free from an unreasonable search, between the threat of a penalty at the time of the refusal, and the threat of future criminal penalties either at sentencing for a related OWI or in the event of an additional OWI conviction. As Professor Wayne LaFave explains:

> This prohibition [against imposing criminal penalties on a driver who refuses to submit to a warrantless test], it would seem is applicable even when "refusal to submit to a blood test is not a stand-alone crime" and where a longer sentence for some other crime, even "within the statutory prescribed range," is imposed as punishment for defendant's refusal to submit to a blood draw.

4 WAYNE R. LAFAVE, SEARCH & SEIZURE § 8.2(l) (6th ed. Sept. 2020 update) (citing ***Dalton***, 383 Wis. 2d 147).

¶16     The State makes other arguments, each resting on its suggestion that the "counting" of a blood draw refusal revocation does not really amount to a

criminal penalty. None persuade. For example, the State also argues that the increased penalty simply reflects the fact that the most recent OWI is now a more "serious offense" in light of the prior refusal. This amounts to an argument that the use of a refusal to enhance penalties in a subsequent case merely punishes the offender for recidivism and does not rise to the level of a criminal penalty. More specifically, the State suggests that counting blood draw refusals results only in an increased penalty or penalty enhancer for the recidivist drinking while driving. But the refusal is just that—a refusal to a warrantless blood draw—not another offense for drinking while driving.

¶17   More to the point, that same argument (that the refusal could be an aggravating factor because it is not a stand-alone crime but reflects on the character of the defendant) was not compelling in *Dalton*, as the court rejected the notion that the refusal was but an aggravating sentencing consideration which justified treating the OWI more seriously. *See Dalton*, 383 Wis. 2d 147, ¶62 (rejecting as "unconvincing" the state's contention that "any increase in a sentence within the statutorily prescribed range does not morph a sentencing consideration into a criminal penalty"). Indeed, in *Dalton*, the lengthier sentence was within the penalty maximum for the OWI. *See id.*, ¶¶21, 62, 65 (rejecting state's argument that Dalton's refusal to consent to a warrantless blood draw "may be taken into account [at sentencing] as long as it does not push the punishment above the statutorily allowed maximum for OWI").

¶18   The State's contention that using the prior revocation to increase criminal penalties in a subsequent case is no different than using a revocation as evidence in an OWI proceeding is equally unavailing. Case law makes clear that use of a refusal for evidentiary purposes in order to establish criminal liability for OWI is within the constitutionally permissible limits, while imposing criminal

penalties is not. The prior revocation is used for one purpose when it comes to sentencing—to increase the penalty—and has nothing to do with the establishment of guilt in the pending OWI.

¶19 In sum, we are bound by **Dalton**, in which our supreme court concluded that imposing a lengthier sentence because a person refused a warrantless blood test is improper under **Birchfield**. *See Dalton*, 383 Wis. 2d 147, ¶68.[5] An increased penalty for the warrantless blood draw refusal revocation is an increased penalty—regardless whether it takes place in the same proceeding or a later proceeding, it impermissibly burdens or penalizes a defendant's Fourth Amendment right to be free from an unreasonable warrantless search. Thus, revocations for warrantless blood draws, as set forth in WIS. STAT. §§ 343.307(1)(f) and 343.305(10), cannot be included in the escalating penalty structure of WIS. STAT. § 346.65(2)(am). Here, because Forrett's sentence of eleven years exceeds the statutory maximum for 6th offense OWI, we reverse and remand for further sentencing proceedings commuting Forrett's conviction to a 6th offense OWI and resentencing accordingly.[6]

---

[5] Other states have reached similar conclusions and invalidated penalty-enhanced sentences based on refusals to warrantless blood draws as unconstitutional in light of **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016). *See*, *e.g.*, **Commonwealth v. Monarch**, 200 A.3d 51, 57-58 (Pa. 2019) (enhanced mandatory minimum sentence of one year based on defendant's refusal to submit to warrantless blood test held unconstitutional); **State v. Vargas**, 404 P.3d 416, 422 (N.M. 2017) (aggravation of charge for driving while intoxicated based on defendant's refusal to consent to warrantless blood draw violated Fourth Amendment).

[6] We need not address the parties' ineffective assistance of counsel argument or other arguments because our conclusion that the penalty scheme is unconstitutional is dispositive of this appeal. *See* **Lake Delavan Prop. Co. v. City of Delavan**, 2014 WI App 35, ¶14, 353 Wis. 2d 173, 844 N.W.2d 632 (when one issue is dispositive on appeal, we need not address other issues).

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.

Recommended for publication in the official reports.