COURT OF APPEALS
DECISION
DATED AND FILED

**January 29, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP243**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV401

IN COURT OF APPEALS
DISTRICT II

CHRISTOPHER FETZER,

PLAINTIFF-APPELLANT,

V.

U.S. BANCORP INVESTMENTS, INC.,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Christopher Fetzer appeals from an order granting summary judgment in favor of U.S. Bancorp Investments, Inc. ("USBI") and denying Fetzer's motion for summary judgment. The circuit court determined that the undisputed material facts established that USBI was entitled to judgment dismissing Fetzer's intentional misrepresentation claim as a matter of law. We affirm.

¶2 Fetzer filed suit against USBI alleging, among other things, that USBI fraudulently induced him to accept employment with USBI as a financial advisor.[1] Fetzer alleged that USBI intentionally misrepresented that it would assign him an existing group of clients upon joining USBI. After two years of litigation, the parties filed summary judgment motions with respect to Fetzer's intentional misrepresentation claim. The circuit court denied Fetzer's motion for summary judgment and granted USBI's motion for summary judgment. Fetzer appeals.

¶3 "We independently review a grant of summary judgment, using the same methodology as the circuit court." *Habel v. Estate of Capelli*, 2020 WI App 15, ¶7, 391 Wis. 2d 399, 941 N.W.2d 858. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] In addition to a claim for intentional misrepresentation, Fetzer's complaint asserted claims for breach of contract, promissory estoppel, unjust enrichment, and breach of the covenant of good faith and fair dealing. The circuit court granted USBI judgment on the pleadings with respect to Fetzer's claims for promissory estoppel, unjust enrichment, and breach of the covenant of good faith and fair dealing. The circuit court also granted USBI's motion for summary judgment on Fetzer's breach of contract claim. Fetzer does not pursue any of these claims on appeal, which we deem abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (issue not raised on appeal is deemed abandoned).

material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2021-22).[2] Summary judgment is appropriate if the undisputed facts show that the plaintiff will be unable to prove even a single element of a claim. *See, e.g.*, ***Malzewski v. Rapkin***, 2006 WI App 183, ¶18, 296 Wis. 2d 98, 723 N.W.2d 156 (upholding grant of summary judgment on claim for intentional misrepresentation when plaintiff could not show that reliance was justified).

¶4 The parties agree that the facts material to our analysis are undisputed. *See **Carlin Lake Ass'n, Inc. v. Carlin Club Props., LLC***, 2019 WI App 24, ¶19, 387 Wis. 2d 640, 929 N.W.2d 228 ("Generally, when both parties file cross-motions for summary judgment, it is the equivalent of a stipulation of facts permitting the case to be decided solely on the legal issues presented."). Prior to joining USBI, Fetzer was a financial advisor at BMO Harris Bank. In mid-March 2019, Aaron Olson left his position as a financial advisor with USBI, leaving a vacancy in the Menomonee Falls branch. In March and April 2019, Stephen T. Kernahan, USBI's Region Manager, communicated with Fetzer about working as a financial advisor at USBI.

¶5 Fetzer asserts that, on May 9, 2019, he and Kernahan orally discussed a book of business he would be assigned, and he asked Kernahan to provide information in writing about the specific details. Fetzer contends that Kernahan then promised him a specific book of business in a follow-up email dated May 10, 2019. The email identified the number of clients in Olson's book

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

of business in 2018, the amount of assets managed by USBI associated with those clients, and the revenue generated from the management of those assets. The email then provided information concerning the current status of those clients: (1) eleven had left with the previous advisor ("$4mm in fee based assets"); (2) seven fee based clients had been reassigned to the branch advisor in that market ("$1.5mm"); and (3) "[t]he balance were temporarily reassigned to Advisor and will be reassigned to new advisor." Kernahan closed the email by writing, "I am working on the total # of clients that will remain with [the] temporary advisor. I will have that number on Monday (Advisor is out today)." Fetzer did not ask any follow-up questions regarding his book of business, nor did Kernahan follow-up regarding the number of clients that would be assigned to Fetzer.

¶6 Fetzer accepted the position with USBI. The final paragraph in USBI's written offer of employment, dated May 13, 2019, stated that

> [n]o guarantees or promises of any kind, other than those contained herein, have been made concerning leads, referrals, books of business, clients, branch assignments, incentive or other compensation, or any other terms of your employment. Only an officer of USBI at the level of Senior Vice President or higher, authorized by the Human Resources Manager for USBI, may change or modify these terms.[3]

¶7 On appeal, Fetzer contends that the circuit court erred in granting summary judgment to USBI instead of to him. He contends that the facts show that USBI fraudulently induced him to accept the financial advisor position with a

---

[3] The paragraph began with an unambiguous merger clause: "This offer letter, including the Offer Details, Confidentiality and Non-Solicitation Agreement, and Repayment Agreement should you choose to accept the Cash Advance, constitute the entire agreement between you and USBI."

promised book of business and that he was in fact assigned far fewer clients than promised.

¶8    "To establish intentional misrepresentation, the plaintiff[] must show:  (1) that the defendant made a representation of fact to the plaintiff; (2) the representation was false; (3) the plaintiff believed and relied on the misrepresentation to the plaintiff's detriment; (4) the defendant made the misrepresentation knowingly or recklessly; and (5) the defendant did so intending to deceive and induce the plaintiff."  *Pagoudis v. Keidl*, 2023 WI 27, ¶13, 406 Wis. 2d 542, 988 N.W.2d 606.  Fetzer must prove each element "by clear and convincing evidence."  *Lundin v. Shimanski*, 124 Wis. 2d 175, 184, 368 N.W.2d 676 (1985).

¶9    While the circuit court addressed several of the elements of intentional misrepresentation, as do the parties, we affirm on the ground that Fetzer cannot establish reasonable reliance on the email given his agreement to the unambiguous contractual provision that no guarantees or promises regarding books of business or clients had been made.

¶10    Fetzer acknowledges that he agreed to the disclaimer but contends that he reasonably believed that the book of business allegedly promised to him by Kernahan modified the contract.  We reject this argument.  As USBI notes, Kernahan's title at USBI was "Region Manager," as set forth in his signature block in the May 10 email.  Beyond that, there are no facts to suggest that Kernahan's email had been approved by someone at the level of Senior Vice President or higher or a Human Resources Manager, much less that any individual in either position authorized any modification to Fetzer's employment contract. While Fetzer testified that he understood that Kernahan had these authorizations,

he points to no facts to show that his belief was a reasonable one. Notably, in his reply brief, he does not address his contention that the agreement was modified, effectively conceding that there was no approved modification of the contract. Thus, Fetzer has failed to establish an essential element of his claim—reasonable reliance.[4]

¶11 Because Fetzer could not have reasonably relied on Kernahan's May 10 email as a promise or guarantee of a specific book of business or number of clients, given the employment contract he subsequently signed, the circuit court correctly denied Fetzer's motion for summary judgment, and correctly granted summary judgment to USBI. *See **Amplicon, Inc. v. Marshfield Clinic***, 786 F. Supp. 1469, 1478 (W.D. Wis. 1992) (citation omitted) (concluding that it would be "unreasonable" for a plaintiff to rely on alleged misrepresentations that were "directly contradicted by the terms of … a subsequently executed contract").[5]

¶12 Lastly, Fetzer contends the circuit court improperly declined to consider a strict responsibility misrepresentation claim at the summary judgment phase that had not been pleaded in Fetzer's complaint. We reject Fetzer's challenge. Fetzer failed to set forth any such cause of action in his complaint or in his subsequent motion to amend the complaint to add a negligent

---

[4] While Fetzer claims that Kernahan also promised him a book of business in a May 9, 2019 conversation, this does not impact our decision that he cannot establish reasonable reliance given the unambiguous contractual agreement that no guarantees or promises regarding a book of business or clients had been made.

[5] Because our determination that Fetzer has failed to show reasonable reliance as a matter of law is dispositive, we need not consider the parties' additional arguments regarding the other elements of Fetzer's intentional misrepresentation claim. *See **Lake Delavan Prop. Co. v. City of Delavan***, 2014 WI App 35, ¶14, 353 Wis. 2d 173, 844 N.W.2d 632 (court need not address other issues when one is dispositive).

misrepresentation claim. Indeed, Fetzer withdrew his proposed amended complaint with the additional proposed misrepresentation claim. We agree that the court properly declined to consider such a claim because Fetzer did not raise it in his complaint, nor did he seek to amend the complaint to assert such a claim. In addition to failing to address the required analysis for a motion to amend a complaint after two years of extensive litigation, Fetzer fails to address the statutory requirement that misrepresentation claims must be pled with particularity. *See* WIS. STAT. § 802.03(2). Fetzer cannot raise this cause of action for the first time in his motion for summary judgment, and thus, the circuit court properly declined to address such a claim. *See **Omernik v. Bushman***, 151 Wis. 2d 299, 304, 444 N.W.2d 409 (Ct. App. 1989) ("Summary judgment methodology does not permit a plaintiff to rely on a theory not pleaded in the complaint.").

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.