COURT OF APPEALS
DECISION
DATED AND FILED

March 5, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2248**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV79

IN COURT OF APPEALS
DISTRICT IV

---

KICKAPOO DEVELOPMENT, LLC,

PETITIONER-RESPONDENT,

V.

TOWN OF VIROQUA,

RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Vernon County: TIMOTHY J. GASKELL, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

¶1 NASHOLD, J. The Town of Viroqua ("the Town") appeals a circuit court order that reversed the Town's denial of a proposed subdivision plat submitted by Kickapoo Development, LLC ("Kickapoo") and remanded for the Town to approve the plat. The Town denied the proposed plat by relying on

language from its zoning ordinance regarding the purpose of the zoning ordinance. The circuit court reversed, concluding that under *State ex rel. Columbia Corp. v. Town Board of Town of Pacific*, 92 Wis. 2d 767, 286 N.W.2d 130 (Ct. App. 1979), the Town could not deny the proposed plat based solely on the zoning ordinance's purpose statement, without identifying an express requirement in the ordinance that the plat violated. We agree with the circuit court and accordingly affirm.

## BACKGROUND

¶2      The relevant facts are undisputed. Kickapoo applied to the Town for approval of a proposed subdivision plat. The Town denied the plat.

¶3      The Town based its denial on its conclusion that the plat was inconsistent with the purpose as stated in the Town's zoning ordinance.[1] The Town's "Notice of Disallowance" explained:

> [D]isallowance is required because the proposed subdivision is not consistent with the spirit of the Zoning Ordinance. Reasons for the finding of inconsistency include specifically: the topography is not well suited to subdivide in the manner proposed; undue concentration of population and overcrowding would result from the proposed subdivision, and, the additional concerns related to adequacy of sewer systems over time.

Regarding topography, the Town stated that "[t]he topography is not well suited for a subdivision," but the Town did not cite any ordinance related to topography that would be violated. Regarding overcrowding, the Town acknowledged that the

---

[1] All references to the Town of Viroqua Zoning Ordinance are to the revised version dated December 2017. *See* TOWN OF VIROQUA, WIS., ORDINANCE (2017) ("VIROQUA ORD.") https://cms8.revize.com/revize/vernoncountywi/docs/2017ZoningOrdinance.pdf?t=20241023120 6420&t=202410231206420.

plat met the minimum lot size requirement of .5 acres, but stated that "[t]here ha[d] been notable (other) development of the nearby land," and that "[t]he proposal results in further concentration of population to this area." And regarding sewer-system concerns, the Town stated, "The proposal includes sewer system plans that appear to meet applicable regulations/code; notwithstanding, the plans also leave some concern as to the adequacy, over time, of the system, particularly as population increases, inevitably resulting in increased demand on sewer systems." The Town also stated:

> The Board must act consistent with the intent, vision and purpose of its Zoning Ordinance. To act consistent with the intent, vision and purpose requires that the Board endeavor to discourage platting of lands that would result in overcrowding of land or an undue concentration of population; to discourage platting of land deemed unsuitable because of topography; and, to otherwise act consistent with the public's interest.

¶4 Kickapoo filed a petition for a writ of certiorari in the circuit court. The circuit court, relying on *Columbia*, reversed and remanded for approval of the plat because the Town, in relying on its zoning ordinance to deny the plat, failed to identify any objective standards in the Town's zoning ordinance with which the plat did not comply. *See* WIS. STAT. § 236.13(5)(a) (2023-24) (stating that a person aggrieved by the denial of a plat may appeal by certiorari to the circuit court and that if the court determines that the denial of the plat was arbitrary, unreasonable, or discriminatory, then the court shall direct that the plat be approved).[2]

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

¶5     The Town appeals.[3]

## DISCUSSION

¶6     As stated, "[a] person aggrieved by the denial or failure to approve a plat may appeal by certiorari to the circuit court." *Lake Delavan Prop. Co. v. City of Delavan*, 2014 WI App 35, ¶4, 353 Wis. 2d 173, 844 N.W.2d 632; *see also* WIS. STAT. § 236.13(5)(a).     On appeal from a circuit court order granting certiorari, we review the municipal body's decision, not the circuit court's. *Lake Delavan Prop.*, 353 Wis. 2d 173, ¶5.  When, as here, no additional evidence was taken by the circuit court, our review is limited to whether: "(1) the governing body acted within its jurisdiction; (2) the governing body proceeded according to law; (3) the governing body acted in an arbitrary, oppressive, or unreasonable manner that represented its will and not its judgment; and (4) the order or determination was reasonable as based on the evidence." *Id.*, ¶4.  We presume that the government body's actions were correct and valid. *Id.*

---

[3] Kickapoo's brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs.  *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. Ct. Order 20-07 cmt. at x1.

Separately, we admonish the Town's counsel for submitting to this court purported legal authority that does not exist.  Explaining further, the Town's appellant's brief contains citations to two Wisconsin appellate opinions that exist, but the brief purports to quote language from those opinions that is not found anywhere in those opinions.  For that matter, when we run the purportedly quoted language through an electronic legal research database, this language does not correspond to any Wisconsin appellate opinions in the database.  This clearly violates WIS. STAT. RULE 809.19(1)(e).  We remind counsel of the ethical duties of competency and diligence to which all attorneys must adhere.

¶7     WISCONSIN STAT. § 236.13(1) states that "[a]pproval of the preliminary or final plat shall be conditioned upon compliance with," as relevant here, "[a]ny … town… ordinance that is in effect when the subdivider submits a preliminary plat."[4]  Section 236.13(3) states, "No approving authority or agency having the power to approve or object to plats shall condition approval upon compliance with, or base an objection upon, any requirement other than those specified in this section."

¶8     The Town argues that, in denying the proposed plat, it could rely on sections in its zoning ordinance containing the ordinance's "Vision Statement and Intent" and "Purpose."  In contrast, Kickapoo argues, and the circuit court ruled, that the Town could not do so under our interpretation of WIS. STAT. § 236.13

---

[4] WISCONSIN STAT. § 236.13(1) states in full:

> **(1)** Approval of the preliminary or final plat shall be conditioned upon compliance with:
>
> (a) The provisions of this chapter.
>
> (b) Any municipal, town, or county ordinance that is in effect when the subdivider submits a preliminary plat, or a final plat if no preliminary plat is submitted.
>
> (d) The rules of the department of safety and professional services relating to lot size and lot elevation necessary for proper sanitary conditions in a subdivision not served by a public sewer, where provision for public sewer service has not been made.
>
> (e) The rules of the department of transportation relating to provision for the safety of entrance upon and departure from the abutting state trunk highways or connecting highways and for the preservation of the public interest and investment in such highways.

Here, only paragraph (b) is relevant because when the Town denied Kickapoo's proposed subdivision plat, it relied on language from its zoning ordinance.  The Town did not rely on any of the sources of law enumerated in the other paragraphs listed in WIS. STAT. § 236.13(1), and does not argue on appeal that any of these other paragraphs are relevant.

(1977-78) in *Columbia*. We agree that *Columbia* controls, and under our interpretation of § 236.13 (1977-78) in *Columbia*, the Town could not rely on its zoning ordinance to deny the plat without identifying an express requirement in the ordinance that the plat violated. *See Columbia*, 92 Wis. 2d at 774, 779.

¶9 In *Columbia*, the Town of Pacific, which had no zoning or subdivision ordinance, denied the subdivision plats submitted by Columbia Corporation. *Columbia*, 92 Wis. 2d at 768. On appeal, we addressed "whether the town board has discretion under [WIS. STAT.] ch. 236 [(1977-78)] to reject a proposed plat in the absence of previously adopted standards or guidelines for approval." *Id.* at 772. The Town of Pacific argued that it could do so pursuant to WIS. STAT. § 236.13(1)(a) (1977-78), which states that the approval of a plat "shall be conditioned upon compliance with," among other things, "[t]he provisions of this chapter," meaning chapter 236. *Columbia*, 92 Wis. 2d at 772. The Town of Pacific argued that this language authorized it to rely on the purpose of chapter 236, as stated in WIS. STAT. § 236.01 (1977-78), when deciding whether to approve or reject plats.[5] *Columbia*, 92 Wis. 2d at 774-75. We rejected that argument. *Id.* at 774.

---

[5] We quoted that language as follows:

> "Purpose of Chapter. The purpose of this chapter is to regulate the subdivision of land to promote public health, safety and general welfare; to further the orderly layout and use of land; to prevent the overcrowding of land; to lessen congestion in the streets and highways; to provide for adequate light and air; to facilitate adequate provision for water, sewerage and other public requirements; to provide for proper ingress and egress; and to promote proper monumenting of land subdivided and conveyancing by accurate legal description. The approvals to be obtained by the subdivider as required in this chapter shall be based on requirements designed to accomplish the aforesaid purposes."

(continued)

¶10 Interpreting WIS. STAT. § 236.13 (1977-78), we concluded that a proposed subdivision plat cannot be rejected unless it conflicts with one of the sources of law specifically enumerated in § 236.13(1)(a)-(e) (1977-78): "[W]e hold that local units of government have no discretion to reject proposed plats under [§ 236.13 (1977-78)], unless the plat conflicts with an existing statutory requirement of [WIS. STAT.] ch. 236 or with an existing written ordinance, master plan, official map, or rule as provided by [§ 236.13(1)(a)-(e) (1977-78)]."[6] *Columbia*, 92 Wis. 2d at 779. In doing so, we identified "clear expressions of legislative intent to limit the right of local units of government to reject plats to situations where the plats are in violation of a statute or of an express requirement contained in an ordinance or other regulation." *Id.* at 774.

¶11 Consistent with this, we clarified that the local government unit must identify violations of specific standards in an ordinance to support the denial of a plat. We described a municipality's role in reviewing plats under WIS. STAT. § 236.13(1) (1977-78) as "purely ministerial": "[A town's] role under this subsection is not to make general policy determinations, but rather to determine whether previously enacted policies will be violated by the plat being reviewed." *Columbia*, 92 Wis. 2d at 780. We further explained that § 236.13(1) (1977-78)

---

*State ex rel. Columbia Corp. v. Town Bd. of Town of Pacific*, 92 Wis. 2d 767, 773, 286 N.W.2d 130 (Ct. App. 1979) (emphasis omitted) (quoting WIS. STAT. § 236.01 (1977-78)).

[6] WISCONSIN STAT. § 236.13(1) has been amended since *Columbia*. Specifically, as the quoted language above reflects, the earlier version required compliance with local master plans, whereas the current version does not. Additionally, the current version, unlike the earlier one, specifies in paragraph (b) that any such ordinance on which compliance is conditioned must be an ordinance "that is in effect when the subdivider submits a preliminary plat, or a final plat if no preliminary plat is submitted." And finally, the name of the agency listed in paragraph (d) has changed. However, the Town does not argue, nor do we discern, that any of these amendments undermine the conclusions from *Columbia* on which we rely here. *Compare* WIS. STAT. § 236.13(1) (1977-78) *with* WIS. STAT. § 236.13(1) (2025-26).

7

was intended to "to prevent the review and rejection of plats on the basis of standards which have not been articulated and communicated to potential subdividers in advance." *Columbia*, 92 Wis. 2d at 776. We rejected the Town of Pacific's reliance on § 236.01 (1977-78) regarding the chapter's purpose because it "elevate[d] the preamble to a substantive enactment," contrary to case law, *Columbia*, 92 Wis. 2d at 779, and "confuse[d] 'standards' with the general 'purposes' of the act, which are distinct types of criteria performing different and separate functions," *id.* at 774.

¶12 Here, the record reflects that the Town relied on language in its zoning ordinance to deny the proposed plat, but not on any "express requirement contained in [the] ordinance." *See Columbia*, 92 Wis. 2d at 774. Instead, the Town denied the plat because "the proposed subdivision is not consistent with the spirit of the Zoning Ordinance." On appeal, the Town likewise does not argue that its denial was based the plat's failure to satisfy any specific ordinance.[7] Instead, in the only argument properly raised on appeal, the Town argues that the denial was

---

[7] For the first time in its reply brief on appeal, the Town refers to a provision in its zoning ordinance, which states:

> 6. Subdividing, General Provisions of.
>
> a. The Town Board shall endeavor to discourage the platting of lands deemed unsuitable for platting because of topography or otherwise[.]

*See* VIROQUA ORD., Art. VI, § F.6. Notably, this ordinance was not mentioned in the Town's Notice of Disallowance. Furthermore, to the extent that the Town means to argue that the notice's reference to "topography" was sufficient to invoke this ordinance and that the Town could rely on it to deny the plat, we reject that argument because the Town did not raise it in the circuit court or in its opening brief on appeal. *See State v. Mata*, 230 Wis. 2d 567, 576 n.4, 602 N.W.2d 158 (Ct. App. 1999) ("We do not address issues raised for the first time in a reply brief."); *Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (explaining that issues not raised in the circuit court are forfeited, and supporting the proposition that appellate courts generally do not address forfeited issues).

based on two sections of the Town's zoning ordinance, titled "Vision Statement and Intent" and "Purpose." We conclude that, under the *Columbia* court's interpretation of WIS. STAT. § 236.13(1) (1977-78), the Town may not rely on these sections because they do not impose any express requirements. The Town's reliance on the ordinance's vision and purpose statements is directly analogous to the Town of Pacific's reliance in *Columbia* on the purpose of WIS. STAT. ch 236 as expressed in § 236.01 (1977-78).[8] In each case, the municipality relied on

---

[8] The part of the VIROQUA ORD. Art. II, Section A., titled "VISION STATEMENT AND INTENT" provides:

> The world will progress and much will change in the future, but agriculture will always be needed to provide food and fiber for humankind. This Ordinance provides a framework to ensure that farmers will farm the Town of Viroqua far into the future. The non-farming residents of the Town of Viroqua recognize the unique and glorious beauty of this land. This Ordinance also provides a path to growth that sustains that beauty and quality of life.
>
> This Ordinance is further intended to promote the orderly development of the community, while also promoting the health, safety, morals and general welfare of the citizens of the Town of Viroqua, Vernon County, Wisconsin.

Article II, Section B., titled "PURPOSE" provides:

> The Town of Viroqua Zoning Ordinance, Vernon County, Wisconsin, is adopted for the following purposes: regulate building, land subdividing and platting of existing parcels; establish procedures and requirements for the surveying, mapping, measuring and recording of all subdivided land; to further the orderly layout and use of the land; to secure safety from fire, panic and other dangers; to promote and to protect the public health, safety, comfort, convenience and general welfare; to provide adequate standards of light, air and open space; to maintain the aesthetic appearances and scenic values of the Town; to insure the maximum preservation of agricultural land for agricultural purposes; to prevent the overcrowding of land, including the overcrowding of agricultural land for agricultural purposes; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements; and to

(continued)

vague, aspirational language that does not contain any objective standards, and failed to recognize that its role was purely ministerial. We reject the Town's arguments to the contrary.

¶13 The Town argues that **Columbia** is distinguishable because in that case the Town of Pacific did not have a local zoning or subdivision ordinance and therefore had not developed and announced standards to control land use planning. In contrast, here, the Town does have a zoning ordinance that announces such standards. The problem with this argument is that here the Town did not rely on any of these standards in its ordinance provisions when denying the plat. And although **Columbia** is factually distinct in that the Town of Pacific lacked a zoning ordinance altogether, in that case we nonetheless concluded that WIS. STAT. § 236.13(1) (1977-78) prohibited municipalities from denying subdivision plats unless the plats were "in violation of a statute *or of an express requirement contained in an ordinance* or other regulation." **Columbia**, 92 Wis. 2d at 774 (emphasis added). This conclusion was central to our decision and, notwithstanding any factual distinctions, we are not at liberty to disregard it. *See* **Cook v. Cook**, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) ("[O]nly the [Wisconsin] supreme court … has the power to overrule, modify or withdraw language from a published opinion of the court of appeals.").

¶14 In arguing that it could base its denial of the plat on the ordinance's vision and purpose sections, the Town also relies on the following precedent: **Lerner v. City of Delavan**, 203 Wis. 32, 233 N.W. 608 (1930); **Smith v. City of**

---

foster a more rational pattern of relationship among agricultural, residential, business, commercial and manufacturing uses for the mutual benefit of all.

10

*Brookfield*, 272 Wis. 1, 74 N.W.2d 770 (1956); and *Guse v. City of New Berlin*, 2012 WI App 24, 339 Wis. 2d 399, 810 N.W.2d 838. Specifically, the Town argues that these cases establish that "municipalities may properly consider the general welfare objectives stated in their ordinances—including in preambles— when exercising discretionary authority in land use decisions, so long as the ordinance provides some standard to guide that discretion and does not vest the municipality with purely arbitrary power." But these cases are distinguishable in that they address the validity of ordinances that municipalities sought to enforce and that were challenged as unconstitutionally vague; they do not address the denial of proposed subdivision plats or interpret WIS. STAT. § 236.13. *Lerner*, 203 Wis. at 608-09; *Smith*, 272 Wis. at 4; *Guse*, 339 Wis. 2d 399, ¶1. In contrast, our conclusion in *Columbia* is directly on point: a municipality's role in reviewing a proposed plat is "purely ministerial"—i.e., limited to determining whether the plat is "in violation of a statute or of an express requirement contained in an ordinance or other regulation." *Columbia*, 92 Wis. 2d at 774, 780. Here, the Town did not rely on a specific ordinance in denying the proposed plat and, as a result, no challenge to an ordinance was presented. Accordingly, the Town's reliance on these cases in unavailing.

¶15 In sum, we conclude that our interpretation of WIS. STAT. § 236.13 (1977-78) in *Columbia* controls and that under that interpretation, the Town did not proceed according to law when it denied the plat because it did not identify a "violation of … an express requirement contained in [the] ordinance." *Columbia*, 92 Wis. 2d at 774; *see also* **Lake Delavan Prop.**, 353 Wis. 2d 173, ¶4. Accordingly, as the circuit court concluded, the Town was required to approve the plat.

## CONCLUSION

¶16    For the reasons stated, we affirm.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.